IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-388-D

BRENDA JEAN SLOAN,           )
                             )
              Plaintiff,     )
                             )
     v.                      )        **ORDER**
                             )
CAROLYN W. COLVIN,           )
Acting Commissioner of Social Security, )
                             )
              Defendant.     )

On August 8, 2013, the court granted Brenda Jean Sloan's ("Sloan") motion for judgment on the pleadings, and remanded the case to the Commissioner [D.E. 33]. On September 9, 2013, Sloan moved for attorney's fees of $12,112.09 and costs of $369.51 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), [D.E. 35], and filed a supporting memorandum [D.E. 36]. On September 19, 2013, the Commissioner responded in opposition to the fee request [D.E. 37]. On October 2, 2013, Sloan replied [D.E. 38]. As discussed below, the court grants Sloan's request, but reduces the award to $5,400 in attorney's fees and $27.31 in costs.

The EAJA requires the court to award fees and other expenses to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see Pierce v. Underwood, 487 U.S. 552, 556–57 (1988); Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 137 (4th Cir. 1993). To determine if the government's position is substantially justified, the court must examine whether, "from the totality of the circumstances, . . .

the [Commissioner] acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River, 991 F.2d at 139. In other words, a position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce, 487 U.S. at 566 n.2. The government bears the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991).

Sloan is a prevailing party under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 300–02 (1993). Here, the ALJ misunderstood the symptoms of fibromyalgia and failed to review objective medical evidence of Sloan's fibromyalgia. [D.E. 32] 7–10. These errors were sufficient to require remand. See, e.g., Sarchet v. Chater, 78 F.3d 305, 307–09 (7th Cir. 1996). The ALJ also discounted Sloan's credibility about the severity of her symptoms and gave little weight to the opinion of Sloan's treating physician based upon the ALJ's improper consideration of irrelevant symptoms and omission of relevant evidence. [D.E. 32] 10–11. In light of these errors, the Commissioner's assertion that the ALJ's decision was nonetheless supported by substantial evidence lacks a reasonable basis in law or in fact and is not substantially justified. Moreover, there are no circumstances that would make an award unjust. Accordingly, Sloan is entitled to attorney's fees under the EAJA.

The court determines the amount of the fee award in its discretion. Pierce, 487 U.S. at 571; Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "Counsel for a prevailing party has a duty to exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.'" Daly v. Hill, 790 F.2d 1071, 1079 (4th Cir. 1986) (quoting Hensley, 461 U.S. at 434). After reviewing Sloan's request for fees, the court finds that the request for $12,112.09 for 66.6 hours of work is far higher than the typical recovery in similar cases and is

2

excessive. Sloan's attorney is an experienced Social Security practitioner and a board-certified Social Security Disability specialist in North Carolina. This case did not involve any novel issues of law or abnormally complex factual circumstances, and the court's judgment only remanded the case for further proceedings. Thus, the excessive number of hours expended and correspondingly high fee request are not justified. After reviewing the entire record (including the parties' arguments), the court finds that counsel is entitled to compensation for 30 hours of work at a rate of $180 per hour, for a total fee award of $5,400.

As for the requested costs, the Commissioner objects to Sloan's request for photocopying charges. Def.'s Resp. [D.E. 37] 8–9. Sloan bears the burden of proving that the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Sloan cites the cost of printing the administrative transcript, drafts of pleadings, case law, filings in the case, correspondence with Sloan, and internal administrative copies. Pl.'s Reply [D.E. 38] 7. Although Sloan's reply itemizes some of the documents that were copied, it is vague and fails to indicate why any of the requested copies were necessarily obtained for this litigation rather than for convenience. Accordingly, the court denies recovery of any photocopying charges. The government does not object to $27.31 requested for costs of medical records, postage, and use of PACER, and the court awards these costs to Sloan.

In sum, the court GRANTS Sloan's motion for fees and costs under the EAJA, [D.E. 35], but reduces the award to $5,400 in attorney's fees and $27.31 in costs.

SO ORDERED. This 17 day of October 2013.

JAMES C. DEVER III
Chief United States District Judge

3